DA 06-0446

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 331

CITY OF THREE FORKS,
STATE OF MONTANA,

      Plaintiff and Appellant,

  v.

RICHARD DEAN SCHILLINGER,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 05-372
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Alexander L. Roots, Landoe, Brown, Planalp, Braaksma & Reida, Bozeman,
Montana

      For Appellee:

            Jennifer Wendt Bordy, Angel, Coil & Bartlett, Bozeman, Montana

Submitted on Briefs:  February 28, 2007

Decided:  December 11, 2007

Filed:

_____
               Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     The City of Three Forks appeals from a decision by the Eighteenth Judicial District, Gallatin County, remanding this case to the Three Forks City Court for a new trial.

¶2     We restate the issues on appeal as follows:

¶3     1. Did the District Court err in remanding this case for a new trial in the Three Forks City Court?

¶4     2. Did the District Court err in holding that the Three Forks City Court abused its discretion in granting the motion to change the place of trial?

¶5     Because we conclude that the first issue is dispositive, we do not address the second issue. As discussed below, if the Three Forks City Court abused its discretion when it granted the City's motion, a trial de novo in District Court remedies any error.

¶6     On May 19, 2005, Schillinger was charged in the Three Forks City Court with four counts of endangering the welfare of a minor, in violation of § 45-5-622, MCA. The charges arose from a graduation party for his daughter at which he allegedly allowed and encouraged juveniles to consume alcohol.

¶7     Following the incident, Schillinger resigned from his position as a City Marshal. After he resigned, the local paper published two stories discussing Schillinger's resignation. Other area newspapers also reported on the story. One of the newspaper stories focused on a petition started by community members to show support for Schillinger which reportedly generated several hundred signatures.

¶8     On October 11, 2005, the City moved for a "change of venue," arguing that the publicity surrounding the case created such bias that a fair trial was not possible in Three

Forks. While Article II, Section 24 of the Montana Constitution permits a "change of venue" in a criminal case, the statutory scheme refers to allowing a change in the place of trial. Section 46-13-203(1), MCA. A court may grant the change in the place of trial if a fair trial may not be had in the county where the charge is filed. On November 7, 2005, the Three Forks City Court granted the motion for a change of venue and ordered the case transferred to Madison County.

¶9 When the location of a criminal trial is changed, the court in which the proceeding is commenced ordinarily retains jurisdiction. *See* § 46-13-205, MCA. However, a city court judge may call in a substitute judge to act in the original judge's place. Section 3-11-203, MCA. The Three Forks City Court judge issued an order on November 22, 2005, calling the Madison County Justice of the Peace to assume jurisdiction. Thus, the Three Forks City Court both changed the place of trial to Madison County, and the Madison County Justice of the Peace had jurisdiction to try the case. The trial in the Madison County Justice Court was authorized by law.

¶10 Schillinger was tried before a jury in the Madison County Justice Court on December 6, 2005. The jury convicted him of one count of endangering the welfare of a minor and acquitted him on three counts.

¶11 Schillinger appealed to the Gallatin County District Court, requesting that the District Court dismiss the case because the Three Forks City Court improperly granted the change of venue. On April 14, 2006, the Gallatin County District Court held a hearing on Schillinger's motion to dismiss. The District Court subsequently denied the motion to dismiss, but also concluded the Three Forks City Court abused its discretion when it granted the motion for a

3

change of venue. The District Court remanded to Three Forks City Court for a new trial. Schillinger has not cross-appealed the denial of his motion to dismiss. The City appeals the Gallatin County District Court's order remanding the remaining count to the Three Forks City Court for trial.

¶12 We conclude that the District Court erred in remanding this case to the Three Forks City Court for trial.

¶13 The right to appeal a criminal conviction from a city court to district court is statutory and is limited to the methods provided by statute. *State v. Feight*, 2001 MT 205, ¶¶ 11, 14, 306 Mont. 312, ¶¶ 11, 14, 33 P.3d 623, ¶¶ 11, 14. Article VII, Section 4(2) of the Montana Constitution provides that district courts "shall hear appeals from inferior courts as trials anew unless otherwise provided by law." Likewise, state statute also provides that, with a few clearly defined exceptions, appeals from city court must be tried de novo in district court. Section 46-17-311(1), MCA. We have consistently affirmed the general rule that district courts must try appeals from justice and city courts de novo, rather than acting as courts of review. *State v. Caldwell*, 1998 MT 261, ¶ 5, 291 Mont. 272, ¶ 5, 968 P.2d 711, ¶ 5; *State ex rel. Wilson v. Dist. Court*, 270 Mont. 449, 451, 893 P.2d 318, 319 (1995).

¶14 "The purpose for a trial *de novo* is to provide defendant with a competent remedy in a court of record." *State v. Barker*, 260 Mont. 85, 91, 858 P.2d 360, 364 (1993). By providing the opportunity for trial on the record in district court, de novo trial is generally sufficient to "cur[e] whatever prejudice may have resulted in city court." *State v. McKee*, 1998 MT 110, ¶ 18, 288 Mont. 454, ¶ 18, 958 P.2d 700, ¶ 18 (citing *City of Billings v. McCarvel*, 262 Mont. 96, 101, 863 P.2d 441, 445 (1993)).

4

¶15 The Legislature has created few exceptions to the requirement of de novo trials in district court. District courts may review a justice court's revocation of a suspended sentence. Section 46-17-311(4), MCA. Further, a district court reviews appeals from a court of limited jurisdiction's denial of a motion to withdraw an involuntary guilty plea. Section 46-17-203(2), MCA. Finally, a defendant may plead guilty, but reserve the right to appeal rulings on pretrial motions. Section 46-12-204, MCA.

¶16 This Court has recognized two additional instances when a de novo trial is not appropriate on appeal to a district court. First, there is no trial de novo if a second trial in district court would violate the prohibition against double jeopardy. *Barker*, 260 Mont. at 91, 858 P.2d at 364. Second, when a defendant appeals to a district court alleging a speedy trial violation, a de novo trial is not appropriate. *Wilson*, 270 Mont. at 452, 893 P.2d at 319-20. In both these situations, this Court has concluded that a de novo trial would exacerbate the errors alleged by the defendant rather than curing them, and thus, in these limited instances, a district court may act as a court of review. *Barker*, 260 Mont. at 92, 858 P.2d at 364; *Wilson*, 270 Mont. at 452, 893 P.2d at 320.

¶17 Neither the statutory nor the case law exceptions to the requirement for trial de novo apply in this instance. Therefore, the District Court was limited to the remedy of conducting a de novo trial as required by § 46-17-311(1), MCA. Under these facts, it makes no difference whether the Three Forks City Court erred when it granted the State's motion to change the place of trial. A trial de novo in the District Court is the only "competent remedy" to which Schillinger is entitled upon a determination that the Three Forks City

5

Court erred in granting the City's motion to change the place of trial. *See Barker*, 260 Mont. at 91, 858 P.2d at 364.

¶18 Schillinger asserts that he was deprived of his constitutional right to a proper jury trial in City Court and, therefore, a de novo trial in District Court will not cure the error in changing the place of trial. An order changing the location of a criminal trial is within the court's discretion. *State ex rel. Coburn v. Bennett*, 202 Mont. 20, 29, 655 P.2d 502, 506 (1982). A trial de novo in district court does not exacerbate, but rather cures, any prejudice to Schillinger which was occasioned by granting the City's motion to change the place of the trial. *See McKee*, ¶ 19.

¶19 Schillinger also argues that *State v. Rensvold*, 2006 MT 146, 332 Mont. 392, 139 P.3d 154, and *Woirhaye v. Mont. Fourth Jud. Dist. Court*, 1998 MT 320, 292 Mont. 185, 972 P.2d 800, require two jury trials, one in City Court and one in District Court. In *Woirhaye*, we held statutory amendments were unconstitutional where they limited a criminal defendant to jury trial in either justice court or district court. *Woirhaye*, ¶¶ 25-26. Likewise, in *Rensvold,* we held that a defendant had a right to jury trial in both justice and district court where the prosecutor had undermined the right by failing to appear in justice court and then appealing to the district court when the case was dismissed. *Rensvold*, ¶ 33.

¶20 Schillinger's case is distinguishable from *Woirhaye* and *Rensvold.* In each of those cases, the defendant had no opportunity for a jury trial in both the court of limited jurisdiction and the district court. Here, however, Schillinger did have a trial by jury in the Madison County Justice Court. An error in a discretionary decision by the court in a case

6

tried before a jury does not amount to a complete denial of a trial by jury. Again, a trial de novo in district court cures any error.

¶21     We reverse the District Court's decision to remand to Three Forks City Court. This case is remanded for trial de novo in the Gallatin County District Court.


/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE


Justice Brian Morris dissents.

¶22     I agree with the District Court that the Three Forks City Court abused its discretion in granting the State's motion to change the place of trial. I respectfully dissent from this Court's refusal to provide Schillinger with a trial of first instance in Three Forks City Court on the grounds that he already has received his requisite trial by jury in the Madison County Justice Court. The District Court properly concluded that "the deprivation of a proper jury trial in the city court cannot be cured by a jury trial de novo in the district court because the defendant would only have one of the two proper jury trials to which the defendant is constitutionally entitled."

¶23     Article II, Section 24 of the Montana Constitution guarantees criminal defendants the right to a "trial by an impartial jury of the county or district in which the offense is alleged to

7

have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same." Section 46-3-111(1), MCA, similarly provides that the "place of trial must be in the county where the charge is filed unless otherwise provided by law." Section 46-13-203, MCA, allows courts to change the location of a trial after determining that there exists in the county where the State has initiated the prosecution "such prejudice that a fair trial cannot be had . . . ."

¶24 The District Court correctly determined on appeal that the Three Forks City Court's improper change of location invalidated Schillinger's Madison County trial. The District Court remanded the matter to Three Forks City Court to afford Schillinger with a legitimate trial of first instance. In doing so, the District Court affirmed Schillinger's "constitutional right to two jury trials – one in the city court of proper venue and one in the district court of the county." The Court ignores this constitutional right by its conclusion that a trial de novo in district court cures all. ¶ 5, ¶ 20. I would affirm the District Court's determination that Montana law entitles Schillinger to a legitimate trial of first instance in Three Forks City Court.

/S/ BRIAN MORRIS