

DA 06-0739

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 69

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

ALFREDO ANGELO-RIOS BARRON,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-2006-117B
Honorable Mike Salvagni, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Public Defender, Shannon L. McDonald, Assistant
            Public Defender, Helena, Montana

        For Appellee:

            Hon. Mike McGrath, Montana Attorney General, Jonathan M. Krauss,
            Assistant Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney, Bozeman, Montana


            Submitted on Briefs:  October 31, 2007

                    Decided:  February 26, 2008


Filed:

_____
                    Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Alfredo Angelo-Rios Barron (Barron) appeals from an order of the Gallatin County District Court denying his motion to dismiss criminal charges originally filed against him in Gallatin County Justice Court.  Barron argued before the District Court that the pending charges should be dismissed on double jeopardy grounds.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     On the evening of August 31, 2005, Barron crashed his car on Blackwood Road in Gallatin County and was picked up by a friend before law enforcement officials could arrive on the scene.  Law enforcement was notified of the crash and Barron was located and arrested shortly thereafter.  As a result of the investigation into the crash, Barron was charged with the following offenses:  driving under the influence, second offense; failure to carry proof of insurance; failure to register an out-of-state vehicle; failure to give notice of accident by quickest means; failure to remain at accident scene; obstructing a police officer; and operating a motor vehicle without interlock.  On September 15, 2005, Barron appeared in Gallatin County Justice Court and pled not guilty to the charges.  A jury trial was set for February 23, 2006.   Three of the charges were subsequently dismissed, leaving the charges for DUI, failure to register an out-of-state vehicle, obstructing a police officer, and operating a motor vehicle without interlock.

¶3     On February 10, 2006, Barron filed a motion for change of plea hearing and to vacate his jury trial.  A change of plea hearing was later set for March 13, 2006.  At the hearing, Barron's attorney informed the Justice Court that Barron had decided not to change his plea, and instead requested a bench trial.  Based on conversations between

2

Barron's attorney and the prosecuting attorney, the presiding justice of the peace thought that the bench trial would be an "abbreviated" bench trial designed to get the case through Justice Court as quickly as possible so that Barron could then receive a de novo trial in District Court. The justice of the peace surmised that such a proceeding would take approximately one hour, and that the State would put on enough evidence within that time to establish Barron's guilt. A bench trial was set for March 15, 2006.

¶4 After the bench trial was commenced, the State presented its first witness. Barron's counsel began objecting moments into the questioning of this witness. This surprised the presiding justice of the peace, because he anticipated there would be little or no objection from Barron's attorney. As the trial proceeded, Barron's attorney continued to lodge objections. When Barron's attorney objected to the State's admission of a written statement from an unavailable witness, the prosecuting attorney appeared surprised as well. These circumstances led the justice of the peace to believe that he had miscalculated the nature of, and the time required for, the bench trial, and that the proceedings would not be quickly resolved. Concluding that neither party was ready for a more full-blown proceeding, the justice of the peace decided to continue the trial until another date when both parties were more fully prepared, and more time could be allotted for the trial.

¶5 Barron's attorney objected to this continuance, but was overruled by the Justice Court. The Justice Court then ordered a continuance until April 11, 2006, setting aside four hours for the trial. In an affidavit later submitted to the District Court, the justice of

3

the peace described the circumstances surrounding the ordering of this continuance as follows:

> Based on the conduct of [Barron's] counsel . . . it is my opinion that [Barron's counsel] did not conduct the trial of March 15 in the manner in which she had indicated it would be conducted. A jury had been waived; witnesses were not excluded from the courtroom; the date was set on two days notice; and the purpose of the proceeding was to avoid entrance of a guilty plea in order to preserve the Defendant's right of appeal *de novo* to the District Court. The defense mounted at the trial on March 15 was substantially more that I expected based upon the representations of counsel two days earlier. It appeared the State was not expecting such a vigorous defense and had been blind-sided. In the interests of justice, I continued the proceeding to allow the State time to subpoena the necessary witnesses.

¶6 The following day, Barron's attorney submitted a motion for a substitution of judge and a motion to dismiss the charges against Barron on double jeopardy grounds. The Justice Court denied the motions. When the proceedings continued on April 11, Barron's attorney again objected to the continuance, and was again overruled by the Justice Court. At the conclusion of the trial, Barron was convicted and sentenced, with the sentence suspended pending his appeal to the District Court.

¶7 On April 14, 2006, Barron filed an appeal of his Justice Court conviction to the Gallatin County District Court for a de novo trial pursuant to § 46-17-311, MCA. On August 22, 2006, after the District Court assumed jurisdiction, Barron filed a motion to dismiss the charges against him, arguing that the "second trial" in Justice Court on April 11, 2006, had violated his rights against double jeopardy pursuant to Article II, Section 25 of the Montana Constitution and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. On September 22, 2006, the District Court held a

hearing on his motion. On October 25, 2006, the District Court denied his motion to dismiss and scheduled a pretrial conference for November 13, 2006.

¶8 On November 1, 2006, Barron appealed the District Court's denial of his motion to dismiss to this Court. Normally, an appeal of this nature would not be ripe for adjudication by this Court because the District Court had not yet rendered a final judgment of conviction. Section 46-20-104(1), MCA. However, this case falls into a narrow exception to this rule. As we stated in *City of Three Forks v. Schillinger*, 2007 MT 331, 340 Mont. 211, 173 P.3d 681, "there is no trial de novo if a second trial in district court would violate the prohibition against double jeopardy." *Schillinger*, ¶ 16. Under such circumstances, "a de novo trial would exacerbate the errors alleged by the defendant rather than curing them . . . ." *Schillinger*, ¶ 16 (citing *State v. Barker*, 260 Mont. 85, 92, 858 P.2d 360, 364 (1993)). We conclude that where the challenge before us is one made on double jeopardy grounds, we will accept an interim appeal for the sole purpose of considering the merits of the defendant's double jeopardy claims. Accordingly, we deem it appropriate to consider Barron's appeal from the District Court's order denying his motion to dismiss and address the merits of his double jeopardy arguments, notwithstanding the fact that the District Court has not entered a final judgment of conviction.

## ISSUES

¶9 We state the sole issue on appeal as follows: *Did the District Court err when it denied Barron's motion to dismiss the charges against him on double jeopardy grounds?*

## STANDARD OF REVIEW

5

¶10    The grant or denial of a motion to dismiss in a criminal case presents a question of law which we review de novo in order to determine whether the district court's conclusions of law were correct. *State v. Pyette*, 2007 MT 119, ¶ 11, 337 Mont. 265, ¶ 11, 159 P.3d 232, ¶ 11. Our standard of review for a question of constitutional law is plenary. *State v. Anderson*, 1998 MT 258, ¶ 6, 291 Mont. 242, ¶ 6, 967 P.2d 413, ¶ 6.

## DISCUSSION

¶11    When it denied Barron's motion to dismiss, the District Court concluded the charges pending against Barron did not violate his constitutional rights against double jeopardy. The District Court concluded that jeopardy did attach during the March 15 bench trial, but that the trial was properly continued until April 11. The District Court found that the March 15 bench trial was never terminated because there was no acquittal, mistrial, or conviction on that date. The District Court noted that this conclusion was consistent with the statutory definition of a "new trial" wherein this term is defined as a "reexamination of the issue in the same court before another jury after a verdict or finding has been rendered." Section 46-1-201(13), MCA. Further, the District Court cited to cases from a number of jurisdictions to support the proposition that the length of the continuance did not violate Barron's rights against double jeopardy. *E.g., Matter of Hunt*, 266 S.E.2d 385 (N.C. App. 1980); *Webb v. Hutto*, 720 F.2d 375 (4th Cir. 1983); *State v. Jackson*, 485 So.2d 630 (La. App. 4 Cir. 1986).

¶12    Barron maintains the District Court's conclusions are in error. Barron asserts the Justice Court violated his rights against double jeopardy by ordering a continuance on March 15 and essentially conducting a second trial on April 11. Barron argues it was

6

improper for the Justice Court to stop the March 15 proceedings because both parties stated they were ready to proceed. Barron maintains that when the Justice Court decided to continue the proceedings on the grounds that the parties were "not prepared," the continuance did not serve the interests of justice as required under § 46-13-202(2), MCA, because "[b]oth parties stated they were ready to go to trial and should have been held to that statement."

¶13 The State urges us to affirm the District Court. The State concedes that jeopardy attached on March 15, but asserts that the trial merely commenced on March 15 and was not terminated until April 11 due to the lawful continuance. The State notes that Barron was not convicted on March 15 and then retried on April 11, nor subject to multiple punishments on both occasions. Instead the State maintains that "Barron's jeopardy was, and continues to be, singular."

¶14 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution "provide that no person shall be twice put in jeopardy for the same offense." *Barker*, 260 Mont. at 90, 858 P.2d at 363 (quotations omitted). As the United States Supreme Court has stated, "[t]he constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Burks v. United States.*, 437 U.S. 1, 11, 98 S. Ct. 2141, 2147 (1978) (quotations omitted, alteration in original). Stated differently, the guarantee against double jeopardy provides "protection against a separate prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after

7

conviction, and protection against multiple punishments for the same offense." *Anderson*, ¶ 7 (citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072 (1969)). In a bench trial in Justice Court proceedings "jeopardy attache[s] when the first State's witness [is] sworn by the Justice of the Peace. Once jeopardy attache[s] any retrial for the same offense presents potential Double Jeopardy difficulties." *Barker*, 260 Mont. at 90, 858 P.2d at 363 (citing *Crist v. Bretz*, 437 U.S. 28, 98 S. Ct. 2156 (1978)).

¶15 The District Court did not err in concluding that the pending charges against Barron do not violate his rights against double jeopardy under the United States or Montana Constitutions. As the District Court noted, the March 15 bench trial did not result in a mistrial, nor was it terminated and commenced anew on April 11. Instead, it was continued by order of the Justice Court in the "interests of justice," as allowed per § 46-13-202(2), MCA. (See ¶ 5). As recently noted by the Colorado Court of Appeals "[b]ecause a midtrial continuance or recess does not 'end' a proceeding, most authorities recognize that it does not expose a defendant to 'double' jeopardy." *People v. Valencia*, 169 P.3d 212, 222 (Colo. App. 2007) (citing, among others, 21 Am. Jur.2d Criminal Law § 381 (1998); *Holcomb v. State*, 858 So.2d 1112, 1113-14 (Fla. 2 Dist. App. 2003)). Furthermore, Barron does not argue on appeal that the Justice Court abused its discretion in ordering the continuance.

¶16 The April 11 proceeding did not constitute a "new trial" per § 46-1-201(13), MCA; therefore Barron was not subject to a second or successive trial on the underlying charges. The Justice Court did not issue any findings or reach a verdict as to Barron's guilt at the March 15 proceeding, nor did the State use the continuance to encourage the

8

justice of the peace to reexamine evidence presented in the March 15 proceeding. Nor was Barron subjected to multiple punishments for the same offense. Instead, the Justice Court simply picked up where it left off once the bench trial continued on April 11. Additionally, there was not an empanelment of a new jury or trier of fact; the same justice of the peace presided over both proceedings. *See Friedmann v. State*, 172 P.3d 831, 836 (Alaska App. 2007) (citing numerous authorities in support of the proposition that "a defendant's right to have their case decided by the originally empaneled jury is a crucial aspect of the constitutional protection against double jeopardy . . . ."). Thus, the District Court correctly concluded that the charges against Barron do not violate his right against double jeopardy.

¶17 Finally, we wish to echo the District Court's disapproval of the Justice Court proceedings in this case. While we appreciate the demands of the Justice Court's workload, we too are bewildered at the existence of "abbreviated," "stipulated," or "skeletal" trials. Neither the Montana Constitution, nor the statutes governing Justice Court, provide for such judicial creatures. Instead, the Montana Constitution affords defendants their full panoply of rights without fail whenever the State chooses to charge an individual with a criminal offense. *See e.g.*, Mont. Const. Art. II, Sections 17, 24, 25, and 26.

## CONCLUSION

¶18 For these reasons, we affirm the District Court's denial of Barron's motion to dismiss.

/S/ PATRICIA COTTER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ JAMES C. NELSON

Justice James C. Nelson concurs.

¶19　I reluctantly join the Court's Opinion because I am satisfied that the Justice of the Peace, the prosecutor and the defendant were all complicit in the "abbreviated bench trial," "stipulated trial," "skeletal trial" at issue. I agree with my colleagues that these sorts of sham trials should be disapproved. In such a trial, the State apparently submits just enough evidence for the trial court to render a quick guilty verdict to the end that the defendant can take an appeal for trial de novo in the District Court—where the "real trial" takes place.

¶20　While the justice courts, prosecutors and defendants may find the trial/trial de novo process a duplicitous waste of time, that is the remedy provided by Montana's Constitution. Mont. Const. art. VII, § 4(2) ("The district court shall hear appeals from inferior courts as trials anew unless otherwise provided by law."). Short-circuiting this legal process by use of sham proceedings simply breeds disrespect for the law and imposes additional work on the district courts and this Court. This case—a relatively

straight-forward DUI case—is a perfect example. The sham trial here resulted in additional proceedings in the Justice Court; required a double jeopardy hearing and decision by the District Court, in addition to the proceedings involving Barron's plea; and ultimately resulted in an appeal to this Court solely on the double jeopardy issue.

¶21 If the trial/trial de novo procedure has outlived its utility, then, as Article VII, Section 4(2), allows, the Legislature can provide "otherwise." It is not the prerogative of the judiciary and officers of the court to short circuit the legal remedy that the Constitution requires.

¶22 I concur.

/S/ JAMES C. NELSON