DA 09-0061

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 343

CITY OF HELENA,

Plaintiff and Appellee,

v.

JOSEPH R. WHITTINGHILL,

Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2008-258
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Wendy Holton; Attorney at Law, Helena, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

David "Ole" Olson, City Prosecutor, Helena, Montana

Submitted on Briefs:  September 23, 2009

Decided:  October 20, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Joseph Whittinghill appeals from the orders of the District Court of the First Judicial District denying his motion to dismiss, denying his motion for an evidentiary hearing, and denying his motion to prepare a statement of unavailable evidence for purposes of appeal. We affirm.

¶2 Whittinghill was charged with DUI and speeding in Helena City Court after an accident in February, 2007. Prior to trial he successfully moved in limine to exclude evidence of a tow truck driver's statement to police that Whittinghill was intoxicated. The prosecution's only witness at the City Court trial was the arresting officer. Early in the officer's direct testimony one of his answers stated that he had responded to a tow truck driver's report of an accident involving a drunk driver. Whittinghill moved for a mistrial, and the City Court granted the motion.

¶3 A second trial was set in City Court and Whittinghill moved to dismiss the charges, arguing that a re-trial would subject him to double jeopardy. The City Court denied the motion, finding that while the officer's testimony was "careless," it was not a purposeful act, and that a double jeopardy issue would arise only if the testimony "were part of an effort by the prosecution to purposely gain an advantage." Whittinghill was convicted in the second City Court trial and appealed to the District Court of the First Judicial District. He again moved to dismiss on double jeopardy grounds, and the District Court denied the motion.

2

¶4 Whittinghill moved for reconsideration of his motion to dismiss on the basis of double jeopardy. The District Court, acting as a court of review of the City Court, denied the motion to dismiss concluding that there was no evidence of a double jeopardy violation. Whittinghill filed a notice of appeal to this Court.

¶5 Whittinghill moved the District Court for leave to prepare a statement of unavailable evidence as provided for in M. R. App. P. 8(7), asserting that the record transmitted from the City Court to the District Court was incomplete. The District Court denied the motion, finding that the record was complete and was sufficient to rule on the double jeopardy issue. The District Court held that a trial de novo was the appropriate remedy for any City Court error. Whittinghill appeals this order.

¶6 Whittinghill presents issues for review that we restate as follows:

¶7 Issue One: Whether the District Court properly denied Whittinghill's motion to dismiss the charges against him on the ground of double jeopardy.

¶8 Issue Two: Whether the District Court should have held an evidentiary hearing on whether the defense was goaded into making a motion for a mistrial by conduct of the prosecutor.

¶9 Issue Three: Whether the District Court properly denied Whittinghill's motion for leave to prepare a statement of unavailable evidence pursuant to M. R. App. P. 8(7)(c).

## STANDARD OF REVIEW

¶10 The decision on a motion to dismiss on the ground of double jeopardy presents an issue of law that this Court reviews to determine whether the district court's interpretation of the law was correct. *State v. Matt*, 2005 MT 9, ¶ 6, 325 Mont. 340, 106

3

P.3d 530.  A decision to deny an evidentiary hearing is reviewed for abuse of discretion. *State v. Tucker*, 2008 MT 273, ¶ 13, 345 Mont. 237, 190 P.3d 1080.  The decision on a request to supplement a record is reviewed for abuse of discretion.  *Public Lands Access Assoc. v. Jones*, 2004 MT 394, ¶ 17, 325 Mont. 236, 104 P.3d 496.

**DISCUSSION**

¶11  *Issue One:  Whether the District Court properly denied Whittinghill's motion to dismiss the charges against him on the ground of double jeopardy*.  Whittinghill was charged and prosecuted in Helena City Court.  City courts are part of the court system of this state, § 3-1-101, MCA, but are not one of the "courts of record" designated by § 3-1-102, MCA.  A court of record ordinarily provides for transcripts of trials and other proceedings, *Malley v. Malley*, 190 Mont. 141, 143, 619 P.2d 531, 532 (1980), but courts not of record do not.  A city court has records of its cases even though its proceedings are not transcribed.  *See e.g.* Rule 3, Uniform Rules for Justice and City Courts (providing that the court is the custodian of all court files, including all exhibits received);  § 25-33-104, MCA (providing that upon appeal from a city court, the judge must transmit to the district court a "certified copy of the docket, the pleadings, all notices, motions and other papers filed in the cause");  and § 46-17-311, MCA (providing that in criminal case appeals from city court, the court must "transfer the entire record" to the district court).

¶12  The district courts have appellate jurisdiction in civil and criminal cases arising from city court, § 3-5-503, MCA, and all appeals from criminal cases must be tried "anew" or "de novo" in the district court.  Sections 25-33-301 and 46-17-311, MCA; *City of Three Forks v. Schillinger*, 2007 MT 331, ¶ 13, 340 Mont. 211, 173 P.3d 681.  The

4

defendant in a city court prosecution must perfect the appeal by filing a timely notice of appeal, and when he does so the city court has the duty to transmit the entire record to the district court. *State v. Speith*, 244 Mont. 392, 394, 797 P.2d 221, 222 (1990); *State v. Sol*, 282 Mont. 69, 74-75, 936 P.2d 307, 310-11 (1997).

¶13 There are narrow exceptions to the rule of a district court trial de novo in appeals from city court. One exception arises when the second trial in district court would violate the prohibition against double jeopardy. In that instance the district court first sits in review of the proceeding in city court. *Schillinger*, ¶ 16. If the district court concludes that a trial de novo would not subject the defendant to double jeopardy, then the trial de novo proceeds. *Schillinger*, ¶ 17. This is what happened in Whittinghill's case.

¶14 Both the United States Constitution (Fifth Amendment) and Montana Constitution (Art. II, § 25) provide that no person shall be put twice in jeopardy for the same offense. Once jeopardy attaches in a prosecution, retrial for the same offense presents potential double jeopardy issues. *State v. Barron*, 2008 MT 69, ¶ 14, 342 Mont. 100, 179 P.3d 519. The general rule is that when a defendant consents to termination of the prosecution, such as by successfully moving for a mistrial, double jeopardy does not bar retrial on the same charge. Section 46-11-503(2), MCA; *State v. Cates*, 2009 MT 94, ¶ 27, 350 Mont. 38, 204 P.3d 1224; *State v. Mallak*, 2005 MT 49, ¶ 18, 326 Mont. 165, 109 P.3d 209. The narrow exception to that general rule occurs when the prosecution, through intentional misconduct, goads the defendant into moving for a mistrial. In that case, the guarantee against double jeopardy may prevent a retrial but a defendant arguing

that his mistrial motion was goaded by prosecutorial misconduct "will succeed only with great difficulty." *Mallak*, ¶ 20.

¶15     This Court has emphasized the narrow and difficult grounds for avoiding a retrial after a defense motion for a mistrial, quoting the following language with approval:

> "In cases of mistrial, there must be a finding of 'Machiavellian' design and a vision of future moves worthy of a chess master:  first the prosecutor's perception that the case has gone amiss in some unanticipated way, coupled with an assessment that if only the trial could start over things would improve; then, the decision to goad defense counsel into naively doing the prosecutor's concealed bidding by moving for the mistrial that the prosecutor secretly desires; followed by some feigned but half-hearted opposition to the defense counsel's motion; all the while hoping that the trial court thereby has been successfully manipulated into granting it."

*Mallak*, ¶ 20 (quoting Rosenthal, *Prosecutor Misconduct, Convictions and Double Jeopardy:  Case Studies in an Emerging Jurisprudence*, 71 Temple L. Rev. 887, 911 (1998)).  The issue turns upon the prosecutor's intent, based upon "objective facts and circumstances." *Oregon v. Kennedy*, 456 U.S. 667, 675, 102 S. Ct. 2083, 2089 (1982).  Even when the prosecutor's conduct prompting a motion for mistrial  constitutes harassment or overreaching, it is insufficient to bar a retrial "absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Kennedy*, 456 U.S. at 675-76, 102 S. Ct. at 2089.

¶16     Whittinghill successfully moved for a mistrial in City Court because the arresting officer referred to the tow truck driver's report of an intoxicated motorist.  He unsuccessfully sought to block a second trial in City Court on the ground of double jeopardy, and then appealed to the District Court.  Whittinghill contends that the District

Court erred in relying upon the determination of the City Court that the prosecution did not orchestrate the motion for a mistrial so as to bar re-trial on double jeopardy grounds.

¶17 We find no basis upon which to overturn the District Court's conclusion that Whittinghill failed to demonstrate that a trial de novo would violate his right to be free from double jeopardy. Helena City Court Judge Bob Wood presided over the first trial and granted Whittinghill's motion for a mistrial. Judge Wood considered the briefs[1] filed by the parties, but rejected Whittinghill's arguments that the motion for a mistrial was goaded by the prosecution. Judge Wood applied the proper legal standard, citing *Billings v. Mouat*, 2008 MT 66, 342 Mont. 79, 180 P.3d 1121, that the offending testimony that prompted mistrial must have been "part of an effort by the prosecution to purposely gain an advantage." He concluded, from his personal observation and knowledge of the event (*see Mallak* ¶ 19), that though he was "dismayed at the careless testimony of the officer" he did not believe it was a purposeful act.

¶18 Judge Wood applied the proper legal standard to the facts of the case before him. Whittinghill has not presented any substantial ground to support an argument that Judge Wood's finding was clearly erroneous. Even under Whittinghill's recitation of the events in City Court, the prosecutor simply asked the officer how he had heard about the accident. There is no evidence or even a serious contention that the prosecutor intended to solicit a response from the officer that disclosed the tow truck driver's opinion on intoxication. The prosecutor had agreed before trial that evidence of the tow truck

---

[1] Whittinghill's arguments on double jeopardy in City Court were similar to his arguments on appeal to this Court.

driver's opinion about intoxication was not admissible. The prosecution did not resist Whittinghill's motion in limine to exclude evidence of the tow truck driver's opinion. There is no evidence that the prosecution's case had taken any unfortunate turn and could be rescued only by a mistrial. The prosecutor resisted the motion for a mistrial, and the City Court initially denied it, granting the motion only after further consideration during a break. In summary, Whittinghill failed to present anything substantial to indicate that the City Court made an error of fact or law. The District Court concluded that there was nothing more to review and that a re-trial de novo was proper.

¶19 The events in this case are similar to those in *Mallak,* where the prosecution elicited testimony in violation of a motion in limine. We concluded in that case that the district court did not abuse its discretion in denying a motion to dismiss on double jeopardy grounds. We affirm the decision of the District Court.

¶20 *Issue Two: Whether the District Court should have held an evidentiary hearing on whether the defense was goaded into making a motion for a mistrial by conduct of the prosecutor.* Whittinghill contends that the District Court, sitting in review of the City Court, should have conducted an evidentiary hearing to determine whether the prosecutor goaded him into moving for a mistrial.

¶21 Taking the factual assertions in Whittinghill's briefs at face value,[2] nothing in those facts indicates that a hearing would have been anything more than a fishing

---

[2] Whittinghill asserts that "facts" stated in his briefs below should have been accepted as established because they were not overtly contested in the prosecutor's briefs or in orders from the courts. A party can not establish facts in a case by asserting them in a brief. Those are nothing more than an attorney's statements, which are not evidence. *State v.*

expedition. Whittinghill did not make a showing in the District Court, such as by an affidavit or offer of proof, of the witnesses he would call and the evidence he anticipated presenting at a hearing.

¶22 On appeal, Whittinghill lists what he calls the "sanitized" facts that would have shown that the defense was goaded into moving for a mistrial. While the parties disagree on whether these facts are properly before this Court, considering them for purposes of the argument, they do not change the outcome. In summary, Whittinghill contends that the prosecution identified the arresting officer as its only witness, and that the prosecution and defense attorneys agreed before trial that the tow truck driver's statements were inadmissible. The defense moved in limine to exclude such evidence and the City Court granted the motion, which defense counsel invoked once the officer began his testimony. The officer responded to a question by stating in part that the tow truck driver reported an accident involving a drunk driver and the defense moved for a mistrial. The City Court granted the motion and set a second trial at which the prosecution called the tow truck driver as a witness.

¶23 Whittinghill speculates about the officer's motive in giving the offending answer, but he has not presented any cogent argument or statement of available evidence to indicate that the situation was a product of misconduct by the prosecutor seeking to "subvert the protections afforded by the Double Jeopardy Clause." *Kennedy*, 456 U.S. at

---

*High Elk*, 2006 MT 6, ¶ 17, 330 Mont. 259, 127 P.3d 432. Absent competent proof, such as by testimony, stipulation, or judicial notice, an attorney's statements do not constitute proof of facts. The fact that neither the prosecution nor the court overtly quarrels with an attorney's assertions is irrelevant to the existence of a fact.

676, 102 S. Ct. at 2089. There is no showing in these "facts" that the prosecutor perceived his case going badly in an unanticipated way. To the contrary, the parties had agreed before trial that the tow truck driver's statements were inadmissible. There is no showing that the prosecutor was presented with a situation in which a conviction could be secured only through a second trial. There is no showing that the prosecutor did anything to goad the defense into moving for a mistrial. *See generally Mallak*, ¶ 20. The District Court did not abuse its discretion denying Whittinghill's request for a hearing. The District Court properly held that Whittinghill's remedy, as the appellant from his City Court conviction, was a trial de novo in District Court.

¶24 *Issue Three: Whether the District Court properly denied Whittinghill's motion for leave to prepare a statement of unavailable evidence pursuant to M. R. App. P. 8(7)(c).* Appellate Rule 8(7) provides that if "a trial or other proceeding was not reported in whole or in part, or if a transcript is, otherwise, unavailable, a statement of the evidence of the trial . . . may be prepared." If the parties do not agree on a statement of unavailable evidence, then the party wishing to proceed can move the district court for leave to "prepare a statement of the unavailable evidence from the best available means, including the party's recollection." M. R. App. P. 8(7)(c).

¶25 Whittinghill invoked that provision in this appeal by moving the District Court for leave to file a statement of unavailable evidence. The District Court properly denied the motion. Rule 8 is not designed to allow a party or attorney to present other evidence, arguments or personal opinions to support its position. Here, Whittinghill made no showing that a reconstructed transcript of the original City Court trial would yield

anything relevant to the issue of whether the protections against double jeopardy would prevent a re-trial. Whittinghill did not present any argument that a reconstructed transcript would show evidence that would meet the standard set out in *Mallak*, ¶ 20. Therefore, Whittinghill failed to present a "tenable theory as to possible error" that would be revealed through a reconstructed record. *State v. Deschon*, 2004 MT 32, ¶¶ 10-11, 320 Mont. 1, 85 P.3d 756. The District Court did not abuse its discretion in refusing to grant leave to prepare a statement of unavailable evidence.

¶26 The District Court is affirmed and this matter is remanded for further proceedings.


/S/ MIKE McGRATH


We concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS