DA 11-0720

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 41N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

PHYLLIS JAMISON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC 11-404
                    Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Phyllis Jamison (self-represented), Clinton, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General; Micheal S. Wellenstein,
                Assistant Attorney General, Helena, Montana

                Fred Van Valkenburg, Missoula County Attorney; M. Shaun Donovan,
                Deputy County Attorney, Missoula, Montana

                            Submitted on Briefs:  January 31, 2013
                                    Decided:  February 19, 2013

Filed:

                                 Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In 2011 Phyllis Jamison was convicted in Missoula County Justice Court of the misdemeanor offenses of disorderly conduct and assault. She appealed to District Court and moved to dismiss the charges, arguing that the State had committed prosecutorial misconduct and that a new trial in District Court would constitute double jeopardy. On November 29, 2011, the District Court denied Jamison's motion to dismiss and Jamison appealed. By order of March 20, 2012, this Court allowed the appeal to proceed solely to resolve the issue of double jeopardy, citing *State v. Barron*, 2008 MT 69, ¶ 8, 342 Mont. 100, 179 P.3d 519. We affirm.

¶3 A district court's decision on a claim of double jeopardy presents an issue of law that this Court reviews to determine whether the decision is correct. *City of Helena v. Whittinghill*, 2009 MT 343, ¶ 10, 353 Mont. 131, 219 P.3d 1244.

¶4 Article VII, Sec. 4(2) of the Montana Constitution provides that the district courts must hear appeals from lower courts "as trials anew unless otherwise provided by law." Section 46-17-311(1), MCA, provides that appeals from justice courts that are not courts of record "must be tried anew in district court." The purpose of a new trial in district court is to provide a defendant a "competent remedy" for any errors that may have been made in the

2

lower court. *City of Three Forks v. Schillinger*, 2007 MT 331, ¶ 14, 340 Mont. 211, 173 P.3d 681.

¶5     The Montana Constitution, Article II, Sec. 25, provides that "[n]o person shall be again put in jeopardy for the same offense previously tried in any jurisdiction." This guarantee against double jeopardy protects persons from prosecution for the same offense after an acquittal, from a second prosecution for the same offense after conviction, and from multiple punishments for the same offense. *Barron*, ¶ 14. It is well established that there is no double jeopardy when a convicted defendant appeals and obtains a new trial. *State v. Bad Horse*, 185 Mont. 507, 513, 605 P.2d 1113, 1116 (1980); *State v. Cardwell*, 191 Mont. 539, 542, 625 P.2d 553, 555 (1981); *State v. Duncan*, 2012 MT 241, ¶ 8, 366 Mont. 443, 291 P.3d 106. The reason that a retrial after appeal does not constitute double jeopardy is that the retrial is merely a continuation of the same jeopardy that attached upon the original conviction. *Cardwell*, 191 Mont. at 542, 625 P.2d at 555; *Duncan*, ¶ 11. Retrying a convicted defendant after an appeal is not one of the abuses that the protection against double jeopardy was designed to prohibit. *Duncan*, ¶ 12.

¶6     Similarly, an appeal to district court for a trial de novo following conviction in a justice court that is not of record constitutes a continuation of the same jeopardy that attached in justice court. The new trial afforded by Article VII, Sec. 4(2) of the Montana Constitution and § 46-17-311(1), MCA, is a continuation of the same jeopardy and does not contravene the prohibition against double jeopardy in Article II, Sec. 25 of the Montana Constitution.

¶7     We decline to address Jamison's arguments concerning errors made during her trial in Missoula Justice Court.  Those issues can be addressed in the District Court proceedings.

¶8     The issue in this case is an issue of law, controlled by settled Montana law, which the District Court correctly applied. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.

¶9     Affirmed.

/S/ MIKE MCGRATH

We concur:

/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ LAURIE MCKINNON

4