FILED

February 16 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0164

DA 14-0164

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 36N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

JORY STRIZICH,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. CDC-12-436
                    Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Koan Mercer, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
          Attorney General, Helena, Montana

          John W. Parker, Cascade County Attorney, Amanda Lofink, Deputy
          County Attorney, Great Falls, Montana

                          Submitted on Briefs:  October 21, 2015

                                   Decided:  February 16, 2016

Filed:

                                            _____
                                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jory Strizich ("Strizich") appeals from the denial of his motion to dismiss the case under the Double Jeopardy Clause of both the U.S. and Montana Constitutions. We affirm.

¶3 On October 19, 2012, Strizich was charged with felony theft; two counts of misdemeanor theft; careless driving; driving without insurance; driving a vehicle with fictitious plates; and failure to give notice of an accident. These charges arise from allegations that in June 2012 Strizich stole a truck from a car dealer, stole gasoline from a gas station in Vaughn and another in Ulm, and then fled the scene with another male after crashing the truck.

¶4 Strizich raised several defenses and pre-trial motions at the omnibus hearing on January 9, 2013, and the jury trial began on September 9, 2013. At trial, the State introduced evidence in the form of testimony from an employee of the gas station in Ulm from which the gas was stolen. The State had shown the witness a photo lineup that included Strizich, and counsel for the State admitted that they had not disclosed that event to the defense. The defense objected and moved for a mistrial. The objection was

sustained, but the motion was denied. After cross-examination of the witness and on the State's re-direct, the witness was asked to make an in-court identification of the person who stole the gas. The witness identified Strizich. The defense renewed its objection and moved for a mistrial. After oral arguments on the motion, the District Court granted the motion. A new trial was set for January 13, 2014, and on January 6, 2014, Strizich filed a motion to dismiss the case under the Double Jeopardy clause.

¶5 During a hearing on January 9, 2014, the court heard arguments from counsel regarding the motion to dismiss and the scope of testimony that the State could elicit from the gas station employee. Counsel for the State admitted that it had made a mistake and submitted that it had no nefarious intent in introducing inadmissible evidence. Further, the State argued that based on the limitations placed on the witness's testimony, there could be no unfair advantage. Defense counsel argued that the State had committed a *Brady* violation and that the State had gained an advantage in learning the defense strategy and hearing the attorney's cross-examination questions and opening statement.

¶6 The District Court denied the motion to dismiss pursuant to *State v. Mallak*, 2005 MT 49, 326 Mont. 165, 109 P.3d 209 and *City of Billings v. Mouat*, 2008 MT 66, 342 Mont. 79, 180 P.3d 1121. The District Court found that the prosecution had made a mistake and that introduction of the inadmissible evidence was not a ploy designed to gain more time to bolster the State's case. The court also held that although the State had gained an advantage in seeing the defendant's presentation of the case, the advantage was not unfair because the defense likewise was able to preview the State's case.

¶7     Strizich's jury trial took place on January 13-14, 2014, and he was found guilty of three misdemeanors. Strizich then appealed the denial of his motion to dismiss under the Double Jeopardy Clause.

¶8     A district court's denial of a motion to dismiss criminal charges under the Double Jeopardy Clause is a question of law which we review for correctness. *State v. Cates*, 2009 MT 94, ¶ 22, 350 Mont. 38, 204 P.3d 1224; *Mallak*, ¶ 14.

¶9     Strizich contends on appeal that the District Court erred in not granting the motion to dismiss. Under both the Montana and U.S. Constitutions, defendants are protected by the Double Jeopardy Clause insofar as no "person [shall] be subject [to] the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *see also* Mont. Const. art. II § 25. Still, the right not to be tried twice for the same offense is not an absolute right. *City of Helena v. Whittinghill*, 2009 MT 343, ¶ 15, 353 Mont. 131, 219 P.3d 1244. In cases in which the defendant successfully moves for a mistrial, "double jeopardy does not bar retrial on the same charge." *Whittinghill,* ¶ 14 (citing § 46-11-503(2), MCA; *Cates*, ¶ 27; *Mallak*, ¶ 18).

¶10     However, there is a narrow exception to this rule if the prosecution, "through intentional misconduct, goad[ed] the defendant into moving for a mistrial." *Whittinghill*, ¶ 14. To establish the applicability of this exception,

> there must be a finding of "Machiavellian" design and a vision of future moves worthy of a chess master: first the prosecutor's perception that the case has gone amiss in some unanticipated way, coupled with an assessment that if only the trial could start over things would improve; then, the decision to goad defense counsel into naively doing the prosecutor's concealed bidding by moving for the mistrial that the prosecutor secretly desires; followed by some feigned but half-hearted

4

opposition to the defense counsel's motion; all the while hoping that the trial court thereby has been successfully manipulated into granting it.

*Mallak*, ¶ 20 (internal citations omitted). Additionally, there must exist "objective facts and circumstances" to demonstrate the prosecution's nefarious intention in compelling a motion for mistrial from the defense. *Whittinghill*, ¶ 14 (quoting *Oregon v. Kennedy*, 456 U.S. 667, 675, 102 S. Ct. 2083, 2089, (1982)).

¶11 In this case, the District Court applied the proper legal standard in denying the motion to dismiss on double jeopardy grounds. Strizich seeks the application of the exception outlined in *Whittinghill* and *Mallak* on appeal. However, Strizich does not present objective facts suggestive of the level of prosecutorial misconduct we have described in previous cases. Strizich dedicates little space in his appellate briefs, unsubstantiated by any other evidence, to demonstrate the weakness of the prosecution's case and their motivation to "goad" the defense into making a motion for a mistrial.

¶12 Thus, considering the District Court's application of the proper legal standard and the scant evidence of prosecutorial misconduct, we cannot agree that the District Court erred in denying the motion to dismiss pursuant to the Double Jeopardy Clause.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

                                    /S/ MIKE McGRATH


We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA