FILED

09/06/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0435

DA 15-0435

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 221N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

CELENA STEVENSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 14-276
Honorable Greg G. Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          John W. Parker, Cascade County Attorney, Carey Ann Shannon, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  August 3, 2016

Decided:  September 6, 2016

Filed:

                                       Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Celena Stevenson appeals her conviction of felony criminal possession of dangerous drugs in the Eighth Judicial District Court, Cascade County. We address whether the District Court erred in concluding the search warrant application for Stevenson's residence contained sufficient probable cause when the District Court denied her motion to suppress and dismiss. We affirm.

¶3 Stevenson pled guilty to possession of dangerous drugs, while reserving her right to appeal the denial of her motion to suppress and dismiss. The motion contends the search warrant's application did not have sufficient probable cause for the issuing judicial officer to grant the warrant and allow the search that led to the seizure of methamphetamine in Stevenson's residence.

¶4 On June 23, 2014, Great Falls Police Department Detective Jason Gange provided the District Court with an Application for Search Warrant (Application), to search Stevenson's residence and attached garage. To establish probable cause, Gange wrote that: (1) on October 9, 2013, a methamphetamine dealer, labeled as a cooperating subject (informant), told police the address of a residence he obtained his methamphetamine from, later confirmed to be Stevenson's residence; (2) on April 1, 2014, a second

informant informed the Drug Task Force that Stevenson's husband was selling pound quantities of methamphetamine and had witnessed several pounds of methamphetamine in Stevenson's home three weeks prior; (3) on the same day, a third informant told the Drug Task Force he had been buying methamphetamine out of Stevenson's garage for the past month and a half; (4) on May 22, 2014, a confidential informant (CI) attempted a "controlled buy" with Stevenson's husband, under the Drug Task Force's supervision; Stevenson's husband told the CI he did not have any methamphetamine; and (5) on June 18, 2014, a fourth informant informed the Drug Task Force he saw a male—known to the Task Force as "Lurch"—buy methamphetamine from Stevenson and her husband in their garage on June 16, 2014.

¶5     On June 23, 2014, the District Court granted the search warrant to search the Stevensons' residence and attached garage.  On July 1, 2014, law enforcement executed the warrant and discovered illegal drugs.  After Stevenson admitted to being involved with her husband selling methamphetamine, the State charged her with possession of illicit drugs and drug paraphernalia.

¶6     Stevenson moved to dismiss her case and suppress evidence seized in the search pursuant to the warrant, contending it relied on stale information and unreliable witnesses.  On February 4, 2015, the District Court held a hearing on the motion to suppress.  On February 19, 2015, the District Court denied Stevenson's motion, concluding that the issuing judicial officer had substantial basis for determining probable cause existed for the search warrant.  Stevenson appeals.

¶7 "We review a district court's ruling on a motion to suppress evidence to determine whether the court's findings of fact are clearly erroneous and whether the court's application of the law is correct." *State v. Kasparek*, 2016 MT 163, ¶ 6, 384 Mont. 56, __ P.3d __. We review a district court's ruling on a criminal defendant's motion to dismiss de novo, to determine whether the district court's conclusions of law were correct. *State v. Barron*, 2008 MT 69, ¶ 10, 342 Mont. 100, 179 P.3d 519.

¶8 Stevenson contends the informants' reports do not show a "continuing" criminal activity or a criminal activity during the time period the search warrant was applied for, granted, or executed. She argues that the informants' reports are stale and insufficient to establish probable cause. Stevenson further contends that the CI information is unreliable because the attempted drug-buy was not successful and failed to show criminal activity. Finally, Stevenson contends that each informant is too unreliable to create the necessary probable cause for a search warrant. The State counters by pointing to the consistency of the five combined informants, all of whom provided information within a year of the warrant, with the most recent one being five days before the search warrant was issued. The State therefore contends that the District Court correctly determined that the totality of the circumstances created probable cause for the search warrant.

¶9 A search warrant application must provide facts sufficient to show probable cause to believe an offense has been committed and that evidence of the crime may be found in the place to be searched. Section 46-5-221, MCA; *State v. Tucker*, 2008 MT 273, ¶ 16, 345 Mont. 237, 190 P.3d 1080. To evaluate whether probable cause supported a warrant's issuance, we apply the "totality of the circumstances" test. *Tucker*, ¶ 16 (citing

4

*Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317 (1983)). The totality of the circumstances test requires the issuing judicial officer to "make a practical, common sense determination, given all the evidence contained in the application for a search warrant, whether a fair probability exists that contraband or evidence of a crime will be found in a particular place." *Tucker*, ¶ 16 (citations omitted).

¶10 The issuing judicial officer's probable cause determination does not require facts sufficient to make a showing of criminal activity; only a probability of criminal activity must be present. *Tucker*, ¶ 17. This Court determines whether the issuing judicial officer had a "substantial basis" to determine that probable cause existed. *Tucker*, ¶ 17. When making that determination, the "issuing judicial officer's determination . . . [is] paid great deference and every reasonable inference possible [is] drawn to support that determination of probable cause." *Tucker*, ¶ 17.

¶11 Reliability of the informants is part of the totality of the circumstances. When a search warrant application relies on informants, and those informants are not anonymous and have provided their personal observations, we evaluate the information's reliability by determining whether "the informant has provided reliable and accurate information to the officers in the past, whether the admission is against the informant's interest, or whether the informant was motivated by good citizenship." *Tucker*, ¶ 18 (quoting *State v. Beaupre*, 2004 MT 300, ¶ 38, 323 Mont. 413, 102 P.3d 504). Those factors are not a strict test, but guidelines for evaluating a search warrant. *Tucker*, ¶ 19.

¶12 Here, the first informant made a statement against interest because he admitted to purchasing methamphetamine from Stevenson's residence. The third informant also

5

made a statement against interest because he admitted to purchasing methamphetamine from Stevenson's husband for a month and a half. Neither the first nor third informant were anonymous, therefore as in *Tucker*, the informants' information is reliable because they were not anonymous and gave personal accounts amounting to statements against their interests.

¶13 The second and fourth informants did not make statements against their interests. However, both personal accounts corroborate the first and third informants' information. Consistent information bolstered the issuing judicial officer's decision as to whether a "fair probability exists that contraband or evidence of a crime will be found in" Stevenson's residence. As we made clear in *Tucker*, the issuing officer makes a "common sense determination" when evaluating the totality of circumstances, and four informants corroborating each other creates a "common sense determination" that criminal activity is occurring.

¶14 Although Stevenson correctly points out that the search warrant application did not speak to whether the first or third informant provided reliable information in other matters, the guidelines above are disjunctive. Thus, every factor need not be present. Stevenson also contends that the statements were not against the informants' interests because they received beneficial treatment for providing information. Neither the search warrant application nor anything else in the record indicates such treatment, and we will not assume facts into the record. *See* M. R. App. P. 12(1)(d) (requiring appellants to cite the portions of the record at which material facts appear). Stevenson further contends that the first informant did not make a statement against interest because law enforcement

already had enough incriminating information on him: illegal possession and distribution of methamphetamine. Sufficient information to convict a defendant does not strip away additional incriminating information of its significance, such as an admission to purchasing methamphetamine.

¶15 We next turn to whether the informants' information was stale. The timeliness and relationship between each piece of information from an informant in the search warrant application helps determine whether the information is stale. The issuing judicial officer may not rely on stale information when issuing a search warrant. *State v. Valley*, 252 Mont. 489, 493, 830 P.2d 1255, 1258 (1992). A staleness determination depends on "the nature of the property and activity in issue" and whether the criminal activity is "continuing in nature," in which case more time may elapse before information becomes stale. *State v. Tackitt*, 2003 MT 81, ¶ 39, 315 Mont. 59, 67 P.3d 295.

¶16 Information seven-to-ten months old is not considered stale if the information exposes continuing criminal activity. *State v. Anderson*, 1999 MT 60, ¶ 15, 293 Mont. 490, 977 P.2d 983. In *Anderson*, we held that tips regarding Anderson's drug activities between seven and ten months prior to the search at issue were not stale because he also had drug-related arrests five years and seven months prior to the search. Therefore, "[a]lthough the informant tips and arrest information may be stale when each is considered individually, the combined effect of the information . . . reveals a pattern of continuous conduct by Anderson, thus making the information more relevant in a probable cause determination." *Anderson*, ¶ 15.

¶17 By contrast, we have found tips eleven months to seven years old stale, because none led to corroboration of whether the criminal activity was still occurring during the search at issue. *Valley*, 252 Mont. at 493, 830 P.2d at 1257. We have also found that a recent, yet anonymous, tip relevant to seven-to-ten year old criminal activity to be insufficient for probable cause because too much time had passed between the tips. *Tackitt*, ¶¶ 5-6, 36, 40.

¶18 Here, the search warrant application has supporting information regarding events occurring between October 2013 and June 2014, with the most recent event occurring days before the warrant's issuance. The application's information was more recent than *Anderson*, *Valley*, or *Tackitt*. Further, a large gap of many years existed between information in *Valley* and *Tackitt*. Here, however, authorities collected all four pieces of information within a year of the search warrant's issuance. All four pieces of information implicated Stevenson's residence and the same type of illicit activity occurring in the residence or its attached garage. As seen in *Anderson*, the information's combined effect therefore creates a "pattern of continuous conduct" that ensures the information is not stale, and in turn reliable for an issuing judicial officer to consider when determining whether probable cause exists for a search warrant. The District Court therefore correctly determined that the application's information was not stale. After determining the search warrant application's information was not stale, and its informants were reliable, the District Court correctly concluded that sufficient facts created probable cause to issue the warrant. *See Anderson*, ¶ 15.

¶19   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's findings of fact are not clearly erroneous and its interpretation and application of the law were correct.  We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JIM RICE