DA 07-0192

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 66

CITY OF BILLINGS,

Plaintiff and Appellee,

v.

JO ANN MOUAT,

Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 05-951,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

For Appellee:

Honorable Mike McGrath, Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

Brent Brooks, City Attorney; Stacey R. Tenney, Deputy City
Attorney, Billings, Montana

Submitted on Briefs:  November 27, 2007

Decided:  February 26, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Jo Ann Mouat (Mouat) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, affirming the Billings Municipal Court's denial of her motion to dismiss. We affirm.

¶2 We consider the following issue on appeal:

¶3 Did the District Court err by affirming the municipal court's denial of Mouat's motion to dismiss on the grounds of double jeopardy?

### FACTUAL AND PROCEDURAL BACKGROUND

¶4 On February 19, 2004, Billings Police Officer Jerry Smidt discovered Mouat at 1:12 a.m. parked on a city-street sidewalk with three flat tires. Officer Smidt noticed that Mouat had "slurred speech, bloodshot and glossy eyes[,] . . . poor balance[,]" and smelled of intoxicants. Mouat failed the sobriety tests Officer Smidt administered. Mouat was subsequently arrested and charged with the offense of driving while under the influence of alcohol (DUI), a misdemeanor in violation of § 61-8-401(1)(a), MCA.

¶5 The matter was set for trial in the Billings Municipal Court (municipal court) and after numerous motions to continue and speedy trial waivers, the trial commenced on May 26, 2005. During Officer Smidt's direct testimony, the municipal court admitted, on stipulation by the parties, Officer Smidt's in-car videotape of Mouat's arrest. During the video, a hushed sound-bite, only audible when played at full volume, revealed Officer Smidt asking Mouat about a previous DUI conviction. Mouat moved for a mistrial. The judge, who did not hear the statement when the videotape was played for the jury, listened to the videotape again outside the jury's presence and determined that admission of the offending statement was an inadvertent oversight by both the City of Billings

2

(City) and Mouat, as both parties had access to the videotape for over a year. The municipal court granted Mouat's motion for a mistrial and ordered the City to redact the statement from the videotape.

¶6     A second trial commenced on June 21, 2005. The videotape was again stipulated to and admitted. While the City had attempted to redact the offending statement by recording over it, Officer Smidt's statement was still slightly audible when the videotape was played at full volume. Conceding that the City's introduction of the statement "wasn't anything intentional," Mouat again moved for a mistrial. The City expressed amazement that the statement was not fully redacted and did not object to Mouat's motion. The municipal court granted the motion with the understanding that the City had the option to retry the case.

¶7     Thereafter, Mouat filed a motion to dismiss with the municipal court on the basis of double jeopardy. Mouat argued that while the City did not introduce the statement "intentionally or with the idea of gaining an advantage[,]" the case should be dismissed because the City "should not be given a third bite at the apple in a misdemeanor case." Mouat also argued that it was "burdensome" to hire an attorney for a misdemeanor case. Following a hearing on the motion to dismiss, the municipal court determined that there was "no evidence that the City designed the error on the video tape to goad the Defendant, in either instance, to move for the mistrial." Accordingly, the municipal court denied Mouat's motion to dismiss, stating that "the manifest necessity standard does not apply and the doctrine of double jeopardy does not enjoin the City from re-trying this case a third time."

¶8      After Mouat's motion to dismiss was denied, Mouat reserved the right to appeal the denial of her motion to dismiss and pled guilty to the charged offense on September 8, 2005. Thereafter, Mouat filed a timely appeal with the District Court, arguing that the municipal court should have granted her motion to dismiss. Mouat again asserted that while the offending statement's introduction was not "intentional," a third trial for the same misdemeanor offense violated double jeopardy protections. In response, the City again relied on *State v. Mallak*, 2005 MT 49, ¶ 18, 326 Mont. 165, ¶ 18, 109 P.3d 209, ¶ 18, and argued that "when a mistrial is granted on a defendant's motion" double jeopardy will not bar a second case unless the "governmental conduct in question is intended to goad the defendant into moving for a mistrial." The District Court agreed with the City and affirmed the municipal court's denial of Mouat's motion to dismiss. The District Court concluded that Mouat's "motion to dismiss on double jeopardy grounds [was] not justified under the law" and while "a third trial on a misdemeanor should be rare, [the City] is not precluded on double jeopardy grounds from trying [Mouat] a third time." Mouat appeals.

**STANDARD OF REVIEW**

¶9      Pursuant to § 3-6-110, MCA, a district court's review of a municipal court's orders and judgments is limited to a review of the record and questions of law. *State v. Ditton*, 2006 MT 235, ¶ 18, 333 Mont. 483, ¶ 18, 144 P.3d 783, ¶ 18. We review a district court's findings of fact to determine if they are clearly erroneous, and we review a district court's conclusions of law to determine whether they are correct. *Ditton*, ¶ 18. Our review of questions involving constitutional law is plenary. *Ditton*, ¶ 18.

## DISCUSSION

**¶10   Did the District Court err by affirming the municipal court's denial of Mouat's motion to dismiss on the grounds of double jeopardy?**

¶11    Mouat argues that the District Court erred when it affirmed the municipal court's denial of her motion to dismiss, contending that "[d]ouble jeopardy prevents three trials on a misdemeanor offense caused by negligence on the part of the government." The State responds that Mouat "cannot prevail under this [theory] because she cannot prove objective facts establishing that the City intended to goad her into a mistrial in either case."

¶12    The Sixth Amendment's Double Jeopardy Clause, applicable to the States through the Fourteenth Amendment's Due Process Clause, protects criminal defendants from repeated prosecutions for the same offense. *Mallak*, ¶ 18. While the Double Jeopardy Clause protects a defendant's right to have his trial completed by a particular tribunal, it does not include an absolute right that the first selected jury will decide his case. *Mallak*, ¶ 18. Where "manifest necessity" exists, such as when a mistrial is declared following a hung jury unable to reach a verdict, a trial court will lift the double jeopardy bar to a second trial. *Mallak*, ¶ 18. However, where a mistrial is declared on the defendant's motion, double jeopardy will not bar a subsequent trial *unless* "'the governmental conduct in question [was] intended to "goad" the defendant into moving for a mistrial . . . .'" *Mallak*, ¶ 18 (citing *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S. Ct. 2083, 2089 (1982)). Accordingly, only where the State engaged in a "Machiavellian" design will a defendant succeed in raising the double jeopardy bar after his motion for a mistrial is granted. *Mallak*, ¶ 20.

5

¶13    Mouat repeatedly acknowledged to both the municipal court and the District Court that the City did not introduce the offending statement "intentionally or with the idea of gaining an advantage." Both courts agreed with Mouat on that point, entering findings of fact that the City had not intentionally introduced Officer Smidt's statement with the hope of causing a mistrial. Consequently, Mouat concedes that the "intent" element required for double jeopardy to bar a subsequent prosecution following a defendant's motion for mistrial is lacking. Instead, Mouat argues on appeal that double jeopardy should bar a subsequent trial after the granting of a defendant's motion for a mistrial, if that motion was based on *negligent* conduct by the government. However, this argument conflicts with the well-settled principle that double jeopardy will only bar a second case where the prosecution intentionally sought to gain an advantage by the granting of the defendant's motion for a mistrial. Mouat offers no supporting authority for the proposition that negligent conduct alters that principle. Without commenting on whether the record here actually demonstrates negligence on the part of the City, we must decline Mouat's argument.

¶14    Mouat also argues that the City should not "be given three bites at the apple" in a misdemeanor case, implying that misdemeanor cases should be treated differently than felony cases. While Mouat cites statutes indicating general differences between misdemeanors and felonies, Mouat offers no authority or reasoning supporting adoption of a bright-line rule barring a third trial of a misdemeanor. Both the District Court and the municipal court rejected Mouat's "triple jeopardy" argument, concluding that because the City did not act with an intent to "provoke a mistrial either time," double jeopardy

6

guarantees did not bar a third prosecution. As previously noted, this conclusion of law by the District Court is correct.

¶15 Lastly, Mouat has raised a "fundamental fairness" argument supported by case authority in her reply brief on appeal. A review of the record reveals that Mouat did not offer this "fundamental fairness" argument in either the municipal court or the District Court. She also failed to make the argument in her opening brief on appeal.[1] Rather, Mouat's reply brief explains that the arguments in the State's brief led her "to the discovery of numerous cases" which discussed the issue before us as one of "fundamental fairness as opposed to double jeopardy." Thereafter she offers an argument that reversal is warranted because "the ability of the defendant to continually muster time and finances is an important issue in [analyzing] the overall fairness." While Mouat's arguments before the municipal court and the District Court briefly alluded to the "burdensome" nature of hiring an attorney in a misdemeanor case, neither argument was sufficient to alert either court to a specific statute, case or constitutional provision that formed the basis of this particular argument. We have "held that a party must specify in the trial court what authority, rule, statute, or constitutional provision might be violated by a decision contrary to the party's position, and that failure to do so fails to preserve that issue for appeal." *In re G.S.*, 2002 MT 245, ¶ 48, 312 Mont. 108, ¶ 48, 59 P.3d 1063, ¶ 48. Further, we have often stated that the Court deems issues presented for the first time on appeal to be untimely and will not consider them "because it is fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the

[1]Mouat's opening brief referenced "the logic of fundamental fairness" in reference to her prosecutorial negligence argument, but not as a separate argument supported by authority as offered in her reply brief.

opportunity to consider." *State v. Adgerson*, 2003 MT 284, ¶ 12, 318 Mont. 22, ¶ 12, 78 P.3d 850, ¶ 12. Moreover, M. R. App. P. 12(3) prohibits an appellant from raising new issues in the reply brief. *See Pengra v. State*, 2000 MT 291, ¶ 13, 302 Mont. 276, ¶ 13, 14 P.3d 499, ¶ 13.[2]

¶16 While we acknowledge the inherent logic in the proposition that the government should not have an unlimited number of opportunities to prosecute a defendant, the posture of this case does not allow consideration of the "fundamental fairness" argument raised herein, the authority addressing the issue, or whether the record here supports such a claim.

¶17 Affirmed.

/S/ JIM RICE

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

---

[2] Review of the issue under the plain error doctrine is not here requested.