

DA 08-0470

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 155N

IN THE MATTER OF THE ESTATE OF

ROBERT LEE RYAN, SR.,

      Deceased.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDP 07-135
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Cheryl (Cherie) Ann Ryan, (self-represented litigant); Prescott, Arizona

      For Appellee:

            Dale E. Reagor, Candace Payne; Luxan & Murfitt, PLLP;
Helena, Montana

                         Submitted on Briefs:  April 8, 2009

                                  Decided:  May 5, 2009

Filed:

              _____
                            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Cheryl Ryan appeals the District Court's dismissal of her request for supervised administration of her father's estate and its determination that her father had testamentary capacity. Robert Lee Ryan (Testator) executed a will on February 18, 2005, and died on November 15, 2007. The District Court conducted a hearing on the capacity issue wherein the attesting witnesses and others testified that the Testator had testamentary capacity at the time he executed the will. In addition to relying on this testimony, the District Court reasoned that the will itself evidenced testamentary capacity because the Testator created his will without the aid of an attorney, yet the will states his testamentary intent, names his children and grandchildren, and describes his assets in detail.

¶3 On appeal, Cheryl Ryan raises a number of arguments which are, unfortunately, difficult to follow and generally without appropriate supporting authority. The issues raised appear to stem from a lack of understanding of the law and legal process. A review of the record reveals that the District Court exercised patience and afforded

2

Cheryl Ryan great latitude as a pro se party. Cheryl Ryan has failed to establish error by the District Court and thus her appeal is without merit.

¶4 In her reply brief, Cheryl Ryan asserts that the District Court procedurally erred by failing to enter a scheduling order within 120 days of the filing of the complaint, as required by M. R. Civ. P. 16(b). We need not reach the merits of this question, as an appellant is prohibited from raising new issues in a reply brief. *City of Billings v. Mouat*, 2008 MT 66, ¶ 15, 342 Mont. 79, 180 P.3d 1121. Additionally, we note that Cheryl Ryan has not demonstrated that any prejudice was caused by the alleged delay.

¶5 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶6 We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON

3